UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GONZALEZ, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER, et al.,<br><br>          Defendants. | No. 1:20-cv-01260-NONE-EPG<br><br><u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |
| GARY GAGLIOLO,<br><br>          Plaintiff,<br><br>     v.<br><br>KAWEAH MANOR, INC., et al.,<br><br>          Defendants. | No. 1:20-cv-01719-NONE-SAB<br><br><u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |
| MARX FORD, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>REDWOOD SPRINGS HEALTHCARE CENTER, et al.,<br><br>          Defendants. | No. 1:21-cv-00871-NONE-SAB<br><br><u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |

| | |
|---|---|
| MONICA STERLING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> REDWOOD SPRINGS HEALTHCARE CENTER, et al., <br><br> Defendants. | No. 1:21-cv-00872-NONE-SKO <br><br> <u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |
| JOHN MOORE, <br><br> Plaintiff, <br><br> v. <br><br> COVENANT LIVING WEST, <br><br> Defendant. | No. 1:21-cv-01303-NONE-SKO <br><br> <u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |
| JOHN MOORE, <br><br> Plaintiff, <br><br> v. <br><br> COVENANT LIVING WEST, <br><br> Defendant. | No. 1:21-cv-01393-NONE-SKO <br><br> <u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |
| DALLENE ROCCARO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COVENANT LIVING COMMUNITIES & SERVICES, <br><br> Defendant. | No. 1:21-cv-01416-NONE-SAB <br><br> <u>ORDER STAYING CASE PENDING NINTH CIRCUIT RULING</u> |

The above-captioned matters are state-law actions concerning nursing homes' responses to the coronavirus pandemic. They were initially filed in California state courts and were subsequently removed to this U.S. District Court on the basis of federal-question jurisdiction.

2

The notice of removal in each case asserts, among other things, that the state law causes of action are preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006) (the "PREP Act").  Plaintiffs in each action have filed a motion to remand.

On October 21, 2021, the Ninth Circuit heard oral argument in *Saldana v. Glenhaven Healthcare LLC*, No. 20-56194.  According to the opening brief, the issues presented to the Ninth Circuit for review in *Saldana* were as follows:

> 1. Did the district court err in its interpretation and application of the federal officer removal statute, 28 U.S.C. § 1442(a)(1), by failing to recognize that Defendants' response to the pandemic was at the specific direction of, and to assist, the federal government, such that Defendants were "acting under" a federal officer as contemplated by § 1442(a)(1) and *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007)?
>
> 2. Did the district court err in its interpretation of the PREP Act's complete preemptive effect by failing to construe the various components of the PREP Act together?
>
> 3. Did the district court err in failing to recognize that Plaintiffs' state claims raise embedded federal issues pursuant to *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) that compel granting federal jurisdiction because of the need for uniformity in the interpretation and enforcement of federal law in responding to the COVID-19 pandemic, which has affected every state in the country?

*Saldana*, Doc. No. 16, at 17–18.

The parties in the above-captioned matters have briefed similar issues.  (*See Gonzalez*, Doc. No. 16 (in opposition to motion to remand, making arguments concerning PREP Act, *Grable*, and federal officer statute); *Gagliolo*, Doc. No. 21 (similar); *Ford*, Doc. No. 9 (similar); *Sterling*, Doc. No. 8 (similar); *Moore*, No. 1:21-cv-01303-NONE-SKO, Doc. No. 15 (similar); *Moore*, No. 1:21-cv-01393-NONE-SKO, Doc. No. 11 (similar); *Roccaro*, Doc. No. 1 (similar, in notice of removal).)  Given the pending appeal before the Ninth Circuit, the court ordered the parties to show cause why these actions should not be stayed until the Ninth Circuit issues its decision in *Saldana* may be warranted.  The parties were afforded fourteen days to respond to the order to show cause.  No party responded or otherwise objected to the entry of a stay.

The court finds there is good cause for a stay given the procedural posture of *Saldana* because the outcome of *Saldana* may narrow the issues presented in the above-captioned cases.

1  Therefore, a stay will conserve judicial and party resources.  *See Landis v. N. Am. Co*., 299 U.S.
2  248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every
3  court to control the disposition of the causes on its docket with economy of time and effort for
4  itself, for counsel, and for litigants."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
5  1962) (when deciding whether to grant a stay, a court must consider factors such as "the possible
6  damage which may result from the granting of a stay, the hardship or inequity which a party may
7  suffer in being required to go forward, and the orderly course of justice measured in terms of the
8  simplifying or complicating of issues, proof, and questions of law which could be expected to
9  result from a stay").  No party objects to the stay and no prejudice or harm is apparent on this
10 record.

11 Accordingly, the above-captioned cases are stayed pending the issuance of a ruling in
12 *Saldana*.  Fourteen days following the entry of the mandate by the Ninth Circuit in *Saldana*, the
13 parties are directed to file either a stipulation regarding the lifting of the stay and setting forth
14 appropriate deadlines or a joint status report indicating their respective positions on further
15 proceedings.

16 IT IS SO ORDERED.

17  Dated: **December 15, 2021**
18                                                                    UNITED STATES DISTRICT JUDGE

4