# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOORE, | Case No.: 1:21-cv-01303 JLT SKO |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| COVENANT LIVING WEST dba Brandel Manor, | (Doc. 12) |
| Defendant. | |

John Moore alleges Covenant Living West dba Brandel Manor, a nursing home, neglected and deliberately disregarded the health and safety of his mother, Brandel resident and decedent Joaquina Moore. (*See generally* Doc. 2.) Individually and as heir and successor-in-interest to Ms. Moore, Plaintiff filed state law claims for elder abuse, negligence, and wrongful death against Defendant. (*See id*.) Defendant removed the case to this U.S. District Court, asserting the Court has subject matter jurisdiction under federal question jurisdiction, 28 U.S.C. § 1331, and federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1). (Doc. 1.) Defendant specifically contends that Plaintiff's cause of action is preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006). (*Id*.) Before the Court is Plaintiff's motion to remand the action to state court for lack of subject matter jurisdiction. (Doc. 12.) The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

1

## I. Background and Procedural History

Joaquina Moore was a full-time resident of Brandel Manor, a skilled nursing facility in Turlock, California, who passed away due to health complications after being diagnosed with the COVID-19 virus. (*See* Doc. 2 at ¶¶ 19, 24, 35.) According to Plaintiff, Ms. Moore was an 87-year-old female with medical comorbidities including hypertension, hyperlipidemia, morbid obesity, heart disease, osteoarthritis, muscular atrophy, macular degeneration, anemia, anxiety, and insomnia. (*See id.* at ¶¶ 22-23.) Ms. Moore's condition limited her mobility, put her at a higher risk for contracting communicable diseases, and made her fully dependent on Defendant for activities of daily living. (*Id.*) Plaintiff alleges Defendant knew of Ms. Moore's "compromised physical state." (*Id.* at ¶ 22.) On or about July 22, 2020, Ms. Moore's family was informed she had tested positive for COVID-19 but was asymptomatic. (*Id.* at ¶ 24.) Two days later, after seeing Ms. Moore looking "unwell" on FaceTime visits, her family notified Defendant of Ms. Moore's condition so that she would be further evaluated. (*Id.* at ¶ 27.) The following day, a Change of Condition form documented abnormal vital signs, "crackles" in her bilateral lungs, and a mild cough. (*Id.* at ¶ 28.) After a chest x-ray, Ms. Moore was diagnosed with pneumonia and her family was told she would be treated at Brandel. (*Id.*) During a FaceTime visit the following day, Ms. Moore's family became increasingly concerned with her health based on her appearance and demeanor. (*Id.* at ¶ 29.) Ms. Moore's family was notified the next evening that her condition had declined, and she was being transferred to a nearby hospital for further evaluation. (*Id.* at ¶ 30.) Early the following morning, the family received a call from the hospital inquiring as to whether to intubate Ms. Moore. (*Id.* at ¶ 32.) She was transferred to Stanford Hospital later that day. (*Id.* at ¶ 33.) Unfortunately, Ms. Moore passed away on August 11, 2020, roughly two weeks after being transferred to Stanford. (*Id.* at ¶ 35.)

In knowing violation of state and federal regulations, Plaintiff alleges Defendant failed to (1) implement effective infection control policies; (2) adequately train its staff with relation to infection control; and (3) provide for Ms. Moore's safety and care, all of which caused "catastrophic damage." (*See* Doc. 2 at ¶¶ 39, 41-42, 44-45.) Based upon these allegations, Plaintiff filed three causes of action against Defendant in Stanislaus County Superior Court: (1) neglect under California's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code §§ 15600 *et seq.*; (2) negligence;

and (3) wrongful death. (*Id*. at ¶¶ 48-69.) On August 27, 2021, Defendant removed the action to this Court, asserting, *inter alia*, that all state law causes of action are preempted by the PREP Act. (*See* Doc. 1.) Plaintiff filed a motion to remand on September 27, 2021, asserting the Court lacks subject matter jurisdiction. (Doc. 12.) Defendant opposes the motion. (Doc. 15.)

As early as November 2021, the Court informed the parties of a pending Ninth Circuit case, *Saldana v. Glenhaven Healthcare LLC*, No. 20-56194, the resolution of which could impact their respective positions as to the pending motion to remand. (*See* Docs. 20, 21, 24, 28, 31.) Specifically, on December 15, 2021, the Court stayed the matter pending resolution of *Saldana*, and ordered the parties, within fourteen days following the entry of the mandate by the Ninth Circuit, to file either a stipulation regarding the lifting of the stay and setting forth appropriate deadlines or a joint status report indicating their positions on further proceedings. (Doc. 21.) The mandate issued in *Saldana* on April 26, 2022, but the parties failed to abide by the Court's deadline. Accordingly, the Court entered a minute order ordering the parties to show cause why the case should not be remanded in light of *Saldana*. (Doc. 24.) A subsequent set of filings indicated Defendant's preference to continue the stay during the *Saldana* petition process with the United States Supreme Court. (*See* Docs. 25, 30.) The Court found it appropriate to stay the matter until the Supreme Court denied the petition for writ of certiorari or ruled on the merits of the case. (Doc. 31.) Notwithstanding the Supreme Court's subsequent denial, Defendant maintained its position that removal was proper. (*See* Doc. 32.)[1] On January 24, 2023, the Court informed the parties that the pending motions were no longer to be held in abeyance and would be taken under submission on the papers. (Doc. 34.)

**II.     Motions to Remand**

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." The vast majority of

---

[1] As explained in an order remanding a similar case that was also stayed pending *Saldana*'s resolution, Defendant "has had several opportunities to substantively address why it believes the *Saldana* decision does not require remand of this action." *Shumlai v. Glad Invs., Inc.*, 2022 WL 17632616, at *3 (E.D. Cal. Dec. 13, 2022). Instead, Defendant asserts it "continues to believe that this matter presents issues that were not disposed of by the Ninth Circuit's ruling in [*Saldana*] and that this Court should undertake an independent analysis of the several novel and significant issues raised herein when considering the propriety of removal in this case." (Doc. 32 at 2.) However, Defendant does not provide substantive argument to support its position or otherwise clarify what are the unresolved "novel and significant issues" it raises.

3

lawsuits "arise under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "a case may [also] arise under federal law 'where the vindication of a right under state law *necessarily* turn[s] on some construction of federal law,'" *Merrell Dow*, 478 U.S. at 808 (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 9 (1983) (emphasis added)), but "only [if] ... the plaintiff's right to relief *necessarily* depends on a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 28 (emphases added).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Marin General Hosp. v. Modesto Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009); *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 687 (9th Cir. 2007). The well-pleaded complaint rule makes plaintiff the "master of the claim." *Caterpillar*, 482 U.S. at 392. Thus, where a plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996); *c.f. Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) ("the district court had subject matter jurisdiction if at least one of [the plaintiff's] claims was completely preempted by the [federal statute]"). As the "proper procedure for challenging removal," *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), a motion to remand must be granted if a complaint asserts only state-law claims and presents no federal question on its face. *See* 28 U.S.C. § 1447(c); *Caterpillar*, 482 U.S. at 392. The removal statute is strictly construed against removal and the defendant bears the burden of establishing grounds for removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *Hunter*, 582 F.3d at 1042 (citations omitted).

4

### III.    Discussion and Analysis

Defendant contends removal to federal court was proper for three reasons: (1) the PREP Act completely preempts Plaintiff's state law claims; (2) the claims present a "substantial" and "embedded" question of federal law; and (3) federal officer removal jurisdiction applies. (*See* Docs. 1, 15.) Since the filing of Defendant's motion to remand, however, the Ninth Circuit expressly rejected each of these grounds for removal. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir.), *cert. denied*, 143 S. Ct. 444 (2022). Numerous post-*Saldana* district courts within this Circuit have further reinforced the binding effect of its holdings. *See, e.g., Martin v. Filart*, 2022 WL 576012 (9th Cir. Feb. 25, 2022); *Stenson v. Lodi Skilled Nursing Servs. Inc.*, 2022 WL 1625072 (E.D. Cal. May 23, 2022); *Constantine v. Trestles LLC*, 2022 WL 5249280 (E.D. Cal. Oct. 6, 2022); *Shumlai v. Glad Invs., Inc.*, 2022 WL 17632616 (E.D. Cal. Dec. 13, 2022); *Martinez v. Novato Healthcare Ctr., LLC*, 2022 WL 2981825, at *1 (N.D. Cal. July 28, 2022); *Est. of Acebes v. Residences at Royal Bellingham Inc.*, 2022 WL 16855564, at *2 (C.D. Cal. Nov. 9, 2022) (collecting cases); *Branch v. Lilac Holdings, LLC*, 2022 WL 1184358 (S.D. Cal. Apr. 21, 2022); *Uzzanti v. Kelsar Inc.*, 2022 WL 1521306, at *4 (D. Ariz. Apr. 11, 2022), *appeal dismissed*, 2022 WL 16844710 (9th Cir. Sept. 20, 2022).

In *Saldana*, the heirs and successors of a nursing home decedent who succumbed to the effects of COVID-19 filed state law claims for elder abuse, willful misconduct, custodial negligence, and wrongful death against the nursing home. 27 F.4th at 683. The case was removed to federal court and subsequently remanded to state court for lack of subject matter jurisdiction. *Id*. The nursing home appealed, and the Ninth Circuit affirmed, holding that it "did not act under a federal officer or carry out a federal duty when it provided care to [decedent]." *Id*. at 689. It also held that "[t]he PREP Act does not completely preempt plaintiffs' claims, and . . . there is no embedded federal question in [plaintiffs'] complaint." *Id*.

#### A.    Complete Preemption

Defendant contends the PREP Act completely preempts Plaintiff's state law claims for elder abuse, negligence, and wrongful death, thereby invoking the Court's jurisdiction. More specifically, Defendant argues that the Department of Health and Human Services Secretary's and the HHS Office

of General Counsel's "views on the preemptive force of the PREP Act are entitled to deference."[2] (Doc. 15 at 14-18.) As consistently held by courts within the Ninth Circuit, this argument is foreclosed by the findings in *Saldana*.

Complete preemption is rare and has the effect of recharacterizing a state law claim into a federal law claim, thus conferring federal question jurisdiction. *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1057-58 (9th Cir. 2018). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 392; *Garcia v. Serv. Emps. Int'l Union*, 993 F.3d 757, 762 (9th Cir. 2021). For purposes of § 1331, complete preemption exists when Congress (1) intended to displace a state law cause of action, and (2) provided a substitute cause of action. *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020); *Hansen*, 902 F.3d at 1057.

As an initial matter, the defendant in *Saldana* based its argument largely on the weight courts are to give declarations issued by HHS. 27 F.4th at 687. The Court rejected this contention, reasoning that because "[c]omplete preemption is really a jurisdictional rather than a preemption doctrine . . . an agency's opinion on federal court jurisdiction is not entitled to *Chevron* deference." *Id.* (internal citations and quotation marks omitted). The *Saldana* Court instead applied *City of Oakland*'s two-part test, the results of which have echoed through the Circuit since. *See Saldana*, 27 F.4th at 687-88 (finding that the "two-part test" was not satisfied and thus, the PREP Act was not a complete preemption statute); *Martin*, 2022 WL 576012, at *1 (citing *Saldana* in holding "Congress did not intend to displace the state-law causes of action in the complaint, and Congress did not provide a substitute cause of action"); *see also Garcia by & through Garcia v. Welltower Opco Grp. LLC*, 2022 WL 17077501, at *1 (9th Cir. Nov. 18, 2022) (vacating and remanding district court decision in light of *Saldana*); *Zalman v. Windsor Vallejo Care Ctr., LLC*, 2022 WL 2916906, at *3 (E.D. Cal. July 25, 2022) ("The Ninth Circuit has indeed held the PREP Act is not a complete preemption statute.")

---

[2] The PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ." 42 U.S.C. § 247d-6d(a)(1). The Act is invoked when "the [Department of Health and Human Services] Secretary makes a determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency . . . ." § 247d-6d(b)(1).

6

(citing *Saldana*, 27 F.4th at 688). In remanding a similar case, the Eastern District summarized its position through the lens of *Saldana*:

> *Saldana*, like the present case, involves claims brought as a result of the death of nursing home resident from COVID-19, allegedly as a result of neglect and/or abuse. Also like the case at bar, the lawsuit brought on behalf of the decedent in *Saldana* alleged claims for elder abuse and neglect, negligence and wrongful death. In rejecting complete preemption under those analogous circumstances, the Ninth Circuit observed that the PREP Act "is not one of those 'rare' statutes 'where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action." *Martin v. Filart*, No. 20-56067, 2022 WL 576012 at *1 (9th Cir. Feb. 25, 2022), citing *Saldana*, 27 F.4th at 688. Because the Ninth Circuit's rejection of complete preemption there is binding on this Court, Defendant's removal on that basis necessarily fails.

*Constantine*, 2022 WL 5249280, at *3. Because this matter is factual indistinct from *Saldana* and *Constantine*, Defendant's removal based upon complete preemption is improper.[3]

### B.     Embedded Federal Question Doctrine

Defendant further asserts federal jurisdiction lies with this Court because the claims create a "substantial, embedded" question of federal law under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005). More specifically, Defendant contends:

> The PREP Act immunity in this action completely preempts all state law claims, and its applicability poses a "substantial federal issue," which would serve to clarify and determine vital issues of law concerning the public health of the citizens of this country.
> . . .
> Congress did not intend the application of PREP Act immunity to be decided by state Courts. As such, this Court would not be disturbing or infringing on any balance of state and Federal judicial responsibilities by retaining jurisdiction.

---

[3] Defendant relies on various cases in support of its position, none of which are binding on the Court. (*See* Doc. 15 at 12-13.) For example, the first cited case was vacated and remanded by the Ninth Circuit specifically in light of *Saldana*. *See Garcia v. Welltower OpCo Grp. LLC*, 522 F. Supp. 3d 734 (C.D. Cal. 2021), *vacated and remanded sub nom. Garcia by & through Garcia v. Welltower Opco Grp. LLC*, 2022 WL 17077501 (9th Cir. Nov. 18, 2022). The judgment in another cited case was set aside and remanded in light of *Saldana*. *See Branch v. Lilac Holdings, LLC*, 2022 WL 1184358, at *3 (S.D. Cal. Apr. 21, 2022) ("Despite the novelty and unsettled nature of these [three] grounds at the time Defendant made them, the law has since become definitive."). Thus, to the extent Defendant gives weight to decisions that are no longer good law, the Court declines to consider them.

(Doc. 1 at 17-18.)

Indeed, section 1331 *can* confer jurisdiction over a small category of state law claims where the state law claim "'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state power.'" *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016) (quoting *Grable*, 545 U.S. at 314); *Hornish v. King Cnty.*, 899 F.3d 680, 687-88 (9th Cir. 2018). Also known as the "embedded federal question doctrine . . . 'federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Saldana*, 27 F.4th at 688 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).

Critically, however, it is well-established—and the parties were made aware—that Plaintiff's state claims for elder abuse, negligence, and wrongful death do not raise an embedded question of federal law allowing for removal under Ninth Circuit precedent. *Saldana* and its progeny foreclose Plaintiff's argument that the embedded federal question doctrine applies. *Saldana*, 27 F.4th at 688; *see also Martin*, 2022 WL 576012, at *1 ("The causes of action in the complaint do not necessarily raise substantial federal issues that are 'actually disputed' and 'capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'") (quoting *Saldana*); *Constantine*, 2022 WL 5249280, at *3 (finding plaintiff's claims for elder abuse, negligence, and wrongful death to be "comparable" to those in *Saldana* and remanding based, in part, on the Ninth Circuit's findings that these claims were not "sufficient to confer so-called embedded federal jurisdiction") (internal quotation marks omitted); *Stenson*, 2022 WL 1625072, at *1-2 (remanding case based on same three grounds for removal as plaintiff in *Saldana*); *Martinez*, 2022 WL 2981825, at *1 (holding "*Saldana* is controlling and dispositive authority requiring remand of this case" based on same three bases for removal). Thus, subject matter jurisdiction is not invoked as the issues presented do not raise an embedded question of federal law. Removal on this ground is improper.

**C.     Federal Officer Removal Jurisdiction**

Separate from section 1331, 28 U.S.C. § 1442 permits a defendant to remove a civil action to federal court if the civil action is, in part, against "any officer (or any person acting under that officer)

of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1); *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1243 (9th Cir. 2017). To invoke federal officer removal jurisdiction under section 1442(a)(1), a defendant must demonstrate that: (1) it is a 'person' within the meaning of the statute; (2) there is a causal nexus between its actions and the plaintiff's claims, (3) the actions were taken pursuant to a federal officer's directions, and (4) it can assert a colorable federal defense. *See Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 985 (9th Cir. 2019); *Fideltad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). Simply complying with the law, even if the law is highly detailed and the defendant is "highly regulated," is not conduct taken under a federal officer's direction and thus, is insufficient to confer jurisdiction. *Riggs*, 939 F.3d at 985; *Goncalves*, 865 F.3d at 1245.

Defendant raises two arguments to support section 1442 jurisdiction, both of which are misplaced. First, Defendant argues it has been explicitly guided by federal authorities through directives as to operational decisions during the pandemic, including those related to testing, personal protective equipment, isolation of residents, and staff shortages. (*See* Doc. 15 at 25.) As such, Defendant asserts the "acting under" requirement was met when it complied with "detailed and ongoing instructions" from a federal officer in "combatting the pandemic." (*Id*. at 25-26.) Defendant relies, in part, on a Supreme Court decision that held "the phrase 'acting under' involves "an effort to *assist*, or help *carry out*, the duties or tasks of the federal superior." (*Id*. at 25, quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 143 (2007) (emphasis in original).) Notably, however, Defendant omits critical standards both before and after the quoted sentence from *Watson*. The paragraph in its entirety reads:

> (b) The relevant relationship here is that of a private person "*acting under*" a federal "officer" or "agency." § 1442(a)(1) (emphasis added). In this context, "under" must refer to what the dictionaries describe as a relationship involving acting in a certain capacity, considered in relation to one holding a superior position or office, and typically includes subjection, guidance, or control. Precedent and statutory purpose also make clear that the private person's "acting under" must involve an effort to *assist,* or to help *carry out,* the federal superior's duties or tasks. Such aid does *not* include simply *complying* with the law. When a company complies with a regulatory order, it does not ordinarily create a

9

> significant risk of state-court "prejudice." A state-court suit brought against such a company is not likely to disable federal officials from taking necessary action designed to enforce federal law, nor to deny a federal forum to an individual entitled to assert a federal immunity claim. Thus, *a private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official," even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored*. A contrary determination would expand the statute's scope considerably, potentially bringing within it state-court actions filed against private firms in many highly regulated industries. Nothing in the statute's language, history, or purpose indicates a congressional intent to do so.

*Watson*, 551 U.S. at 143 (internal citations omitted) (emphasis added). In fact, Defendant urges the Court to depart from the holdings in *Saldana* despite the Ninth Circuit's reliance on *Watson* in reasoning that a private nursing home was not acting under a federal official when additional regulations and supervision were imposed on the defendant. *Saldana*, 27 F.4th at 685.

The nursing home defendant in *Saldana* argued that it was acting under federal officials when its agencies became "hyper-involved" in the facility's operations during the pandemic.[4] *Saldana*, 27 F.4th at 685. The Court clarified that

> A person or entity who acts under a federal officer or agency is one "who lawfully assist[s] a federal officer in the performance of his official duty" and is "authorized to act with or for [federal officers or agents] in affirmatively executing duties under ... federal law."

*Id*. at 684 (quoting *Watson*, 551 U.S. at 143). In applying this test to the statutory text of the PREP Act, the Court found the defendant had failed to show it was acting under a federal official and failed to identify a federal duty it performed. *Id*. at 685; *see also Constantine*, 2022 WL 5249280, at *4 ("[T]he fact that the federal government may have enlisted private entities like [d]efendant to join in the fight against COVID-19 is insufficient to make [d]efendant a federal officer . . . under 28 U.S.C. § 1442."); *Martin*, 2022 WL 576012, at *1 (affirming the remand order for lack of subject matter

---

[4] Similar to Defendant, the nursing home in *Saldana* also asserted that "the federal government conscript[ed] ... private entities like [defendant] to join in the fight [against COVID-19] through detailed and specific mandatory directives to nursing homes on the use and allocation of PPE, the administration of COVID-19 testing, intervention protocols, and virtually every other aspect of the operations of nursing homes during the pandemic." *Saldana*, 27 F.4th at 684 (internal quotation marks omitted).

jurisdiction under 28 U.S.C. § 1442 where the defendant "demonstrated that it was subject to federal laws and regulations throughout the COVID-19 pandemic") *Martinez*, 2021 WL 3883704, at *3 (collecting cases to demonstrate that "courts within the Ninth Circuit routinely hold that nursing homes implementing CDC regulations relating to Covid 19 are merely complying with regulations or following the law, they are not acting pursuant to a federal officer's direction for purposes of § 1442"); *Branch*, 2022 WL 1184358, at *5 ("[T]he mere fact that [d]efendant followed government regulations—even if exactingly detailed—does not provide a basis for [federal officer removal] jurisdiction here.").

Defendant also appears to argue that being designated as "critical infrastructure" amounts to "acting under" a federal official invoking the Court's jurisdiction. (*See* Doc. 15 at 24-25.) Not surprisingly, the *Saldana* Court was faced with a similar argument, to which it found that the defendant's "status as a critical infrastructure entity does not establish that it acted under a federal officer or agency, or that it carried out a government duty." 27 F.4th at 685; *see also Branch*, 2022 WL 1184358, at *5 (following *Saldana* in rejecting "identical argument").

Accordingly, the federal officer removal statute, 28 U.S.C. § 1442, does not apply. Moreover, because none of Defendant's bases for removal are proper, this action must be remanded under Ninth Circuit precedent. Plaintiff's motion to remand is **GRANTED**.

### IV.     Attorney's Fees

Plaintiff seeks attorney's fees for improper removal pursuant to 28 U.S.C. § 1447(c). (Doc. 12 at 26.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The defendant lacks an objectively reasonable basis for removal when the law compelling remand is well-established. *Pineda v. Sun Valley Packing, L.P.*, 2021 WL 5755586, at *5 (E.D. Cal. Dec. 3, 2021).

Plaintiff's request is denied as the Court finds that, *at the time of removal*, Defendant did not

lack an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Defendant removed the case to federal court on August 27, 2021. (Doc. 1.) The Ninth Circuit's decision in *Saldana*, however, did not issue until February 22, 2022. Thus, the law was not yet well-established. Accordingly, Defendant's removal was reasonable at the time, and Plaintiff's request is **DENIED**.

### V.     Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion to remand (Doc. 12) is **GRANTED**.
2. Plaintiff's motion for attorney's fees (Doc. 12 at 26) is **DENIED**.
3. Defendant's motion to dismiss (Doc. 6) is **DENIED** as moot.
4. The case is remanded to Stanislaus County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **February 21, 2023**                           _____
                                                                          UNITED STATES DISTRICT JUDGE